IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JASON HOLLIS, | ) | |
| AIS # 223035, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:25-CV-1030-WKW |
| | ) | [WO] |
| OFFICER PARHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff Jason Hollis, an inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (Doc. # 1.) Along with his complaint, Plaintiff submitted an application to proceed *in forma pauperis*. (Doc. # 2.) However, that application was not accompanied by a certified prison account statement as required by 28 U.S.C. § 1915(a)(2).[1] By Order dated December 31, 2025, Plaintiff was instructed to file a prison account statement from the inmate account clerk showing the average balance in and monthly deposits to his prison account for the six-month period immediately preceding the filing of his complaint ("December 31 Order"). (Doc. # 4.) The December 31 Order set a deadline of January 14, 2026, and expressly cautioned

---

[1] Section 1915(a)(2) provides that "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

Plaintiff "that his failure to comply with any provision of this Order will, without further notice, result in dismissal for failure to prosecute and comply with an order of the court." (Doc. # 4 at 2.) To date, Plaintiff has not filed his prison account statement as directed.

Because Plaintiff has failed to comply with the court's December 31 Order, this case is due to be dismissed without prejudice. A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). However, in *Wilson v. Sargent*, the Eleventh Circuit instructed that before dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner attempted to comply with the order, such as by authorizing payment by prison officials. *See* 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Giving Plaintiff a reasonable opportunity to respond to a show-cause order satisfies this requirement. *See id.* at 1321. Although Plaintiff has not yet been directed to pay an initial partial filing fee, the court finds it prudent to take reasonable steps to ascertain whether Plaintiff attempted to comply with the December 31 Order regarding Plaintiff's prison account statement before dismissal.

Based on the foregoing, it is ORDERED that Plaintiff shall show cause, if there be any, **on or before February 10, 2026**, why this action should not be dismissed without prejudice for his failure to comply with the court's December 31 Order.

Plaintiff is CAUTIONED that his failure to timely file a response to this show-cause Order will, without further notice, result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 27th day of January, 2026.

                                            /s/ W. Keith Watkins
                                          UNITED STATES DISTRICT JUDGE