IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JASON HOLLIS, AIS # 223035,       )
                                  )
            Plaintiff,            )
                                  )
      v.                          )      CASE NO. 2:25-CV-1030-WKW
                                  )            [WO]
OFFICER PARHAM,                   )
                                  )
            Defendant.            )

## **ORDER**

Plaintiff Jason Hollis, an inmate proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983.  (Doc. # 1.)  Along with his complaint, Plaintiff submitted an application for leave to proceed *in forma pauperis* (IFP).  (Doc. # 2.)  However, Plaintiff's IFP application was not accompanied by a certified prison account statement as required by 28 U.S.C. § 1915(a)(2).  By Order dated December 31, 2025, Plaintiff was instructed to file his prison account statement from the inmate account clerk showing the average balance in and monthly deposits to his prison account for the six-month period immediately preceding the filing of his complaint. (Doc. # 4 ("December 31 Order").)  The December 31 Order set a deadline of January 14, 2026, and expressly cautioned Plaintiff that his failure to comply with any provision of the Order would result in dismissal for failure to prosecute and comply with an order of the court.  (Doc. # 4.)

When Plaintiff failed to file his prison account statement by the January 14 deadline, an Order was issued on January 27, 2026, directing Plaintiff to show cause as to why this action should not be dismissed for his failure to comply with the December 31 Order.  (Doc. # 5 ("January 27 Order").)  The January 27 Order set a February 10, 2026 deadline and warned that Plaintiff's failure to file a timely response would result in dismissal of this action for failure to prosecute and comply with an order of the court.  (Doc. # 5.)  In his response to the January 27 Order, dated February 2, 2026, Plaintiff stated that he had not received the December 31 Order and that Document Number 5 was the first document that he had received from the court.  (Doc. # 6.)

Based on Plaintiff's response to the January 27 Order, an Order was entered on February 18, 2026, directing that another copy of the December 31 Order be mailed to both Plaintiff and the inmate account clerk at the facility where Plaintiff is incarcerated.  (Doc. # 7 ("February 18 Order").)  The February 18 Order extended the deadline for Plaintiff to file his account statement to March 11, 2026, and instructed Plaintiff to inform the court if he is unable to provide his account statement in the time allotted.  (Doc. # 7 at 2.)  The February 18 Order also cautioned Plaintiff that his failure to comply with any provision in the Order would result in dismissal for failure to prosecute and comply with an order of the court.  (Doc. # 7 at 2.)

To date, Plaintiff has neither submitted his prison account statement as directed nor requested an extension to do so.  Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases."  *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *petition for cert. filed*, No. 25-808 (U.S. Jan. 9, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306.  "A dismissal *without* prejudice, by contrast, doesn't require a

finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has failed to prosecute this action and has not complied with multiple court Orders, despite their express directives and warnings. Consequently, this action will be dismissed without prejudice.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 25th day of March, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

4